Nov. 1812.

EBENEZER JESSUP, EBENEZER JESSUP, jun., ELIAKIM READ and ROSWELL READ *against* JOHN BATTERSON, jun.

*A. B.* and *C.* having, severally, obtained judgments and executions against *D.*, caused them, at the same time, to be levied on the land of the debtor; each execution being levied on the whole land, and the whole set off to the several creditors, in common and undivided, in proportion to the amount of their respective claims; held, in such case, that the execution creditors were vested with a valid title to the land, as tenants in common.

In such case, the whole amount of the several executions, ex-

MOTION for a new trial.

This was an action of *disseisin,* for a certain piece of land in *Fairfield.*

The cause was tried before the Superior Court, on the plea of *no wrong* or *disseisin ;* and the issue being closed to the court, judgment was rendered for the plaintiffs.

The plaintiffs claimed title to the land in question, as tenants in common, by virtue of the levy of five executions against one *William Elwood ;* one of which, was in favour of *Eliakim Read* and *Roswell Read,* two of the plaintiffs ; one in favour of *Ebenezer Jessup,* jun., one of the plaintiffs ; one in favour of *Joseph Allen ;* and two in favour of *John S. Pearsall ;* amounting in the whole, to a sum exceeding 600 dollars. On the levy of the executions, the land, including the buildings, &c. was appraised at the sum of 200 dollars. The executions were all levied at the same time, by the same officer, and each levy was made upon the whole land. The object intended to be accomplished by such levies, was, to vest each execution creditor with an interest in the land, to be held in common, in proportion to the amount of their several claims. The return of the officer, after stating the levy, appraisment, &c. was as follows, *viz.* " I do, therefore, on this 23d day of *June,* 1800, by virtue of this execution, set off to the creditor named in this execution, an undivided right in the said lands and dwelling-houses, with the appurtenances thereof, at the sum of 63 dollars, 46 cents, in pro-

ceeding 600 dollars, and the appraised value of the land being 200 dollars, the officer's return (which was similar on each execution, varying only as to the amount,) after stating the levy, appraisment, &c. was in these words ; " I do, therefore, by virtue of this execution, set off to the creditor, an undivided right in the said lands, at the sum of 63 dollars, 46 cents, *in proportion as* 200 *dollars*" (the value of the land) "*is to* 208 *dollars,* 74 *cents,*" (the amount of the particular execution,) " in part payment," &c. ; held, that such return was sufficient to vest each execution creditor with an interest in the land, in proportion to his several debt ; and that the expressions, " in proportion as 200 dollars is to 208 dollars, 74 cents," ought to be rejected as surplusage.

portion as 200 dollars" (being the appraised value of the land) " is to 208 dollars, 74 cents," (being the amount of a particular execution,) " in part payment and satisfaction," &c. The returns were all of the same tenor, varying only as to the sums expressed in the respective executions.

On the trial, the plaintiffs, who possessed all the rights acquired by the execution creditors, to substantiate their claim to the demanded premises, offered in evidence, copies of the several executions, and returns of the officer, above mentioned. The defendant objected to the admission of this evidence, on the ground, that from the returns of the officer, it appeared, that the execution creditors acquired no title by the levy of their several executions : But the court over-ruled the objection, and admitted the evidence. The defendant moved for a new trial, on the ground that the court erred in admitting the evidence before stated; which motion was reserved for the consideration of the nine Judges.

*R. M. Sherman*, in support of the motion.

1. The plaintiffs acquired no title to the land in question, by virtue of the levy of the executions. The return of the officer, is the criterion, by which the rights of the parties are to be determined. The returns, in the present case, are void, upon the face of them. The rule adopted by the officer, in setting off the proportions of the several creditors, is perfectly unintelligible. The mode of proceeding, being either illegal, incorrect, or unintelligible, the levy must, necessarily, be void.

2. The officer could not, lawfully, set off this land to the several creditors, as tenants in common. There was no necessity for this mode, in the present case. The land could, as well, have been set off by metes and bounds. The general principle of law, will not be denied, that execution creditors must hold their shares in severalty, except in cases where its adoption would operate as a destruction of the property. Did such necessity exist, in this case? Did the debtor possess no other property ? Was the property levied upon, so desirable, that each creditor must have a share in it ?

Vol. V.                          W w

Nov. 1812.

JESSUP
v.
BATTERSON.

Besides, if the levy of a creditor is not a valid one, it is void, as against all mankind. A man in possession, may take advantage of any defect in the title of the plaintiff. The plaintiff must recover by the strength of his own right, not by the weakness of that of the defendant.

*Daggett*, contra.

1. This property was set off to the several creditors, in the proportion of the whole amount of the executions to the sum of 200 dollars, the appraised value. But an objection is made, that the officer, in setting off the land to the several creditors, assumed proportions which are incorrect and unintelligible. This objection must fail, if it appears from the return, that the result is correct. The whole land is taken; and the several sums set off to each creditor, amount, precisely, to the sum of 200 dollars, the value of the land. If this appears, clearly, from the return, the court will sanction it, and reject the unintelligible part, as surplusage.

2. The defendant objects, that the land could not be set off to the creditors, as tenants in common. This objection cannot be made by the defendant. He has no interest in the land. He is a mere stranger, and may be ejected, by any one of the execution creditors. If this objection can be available, upon any supposition, it must come from the execution debtor. But it cannot avail him; because the whole land is taken. He is not tenant in common with the plaintiffs.

But besides, the same objections might be made, and the same embarrassment and inconvenience would exist, provided the land had been set off by metes and bounds, as in the present case.

BALDWIN, J. This is an action of *ejectment*. The title of the plaintiffs, is derived from the levy of five executions, amounting to more than 660 dollars, on the land in question, which was appraised at 200 dollars. In setting off the same, by virtue of the several executions, the return of the officer, (after stating the amount of the execution, the levy, and the

appraisal,) is in these words, viz. " I do, therefore, by virtue of this execution, set off to the creditors, an undivided right in the said land, &c. at the sum of 63 dollars, 46 cents, in proportion as 200 dollars is to 208 dollars, 74 cents, in part payment," &c. The same return is on all the executions, varying only as to the amount of the execution. The defendant objected to the admission of these returns, as evidence of title ; and because they were admitted, moved for a new trial : contending,

1. That the estate could not be thus set off to the several creditors, to hold, as tenants in common.

2. That the levy cannot be supported on the return of the officer.

As to the first objection, it is a general principle, that a levying creditor ought to take his estate in severalty, by metes and bounds, and not as a tenant in common ; yet, there are, undoubtedly, cases, where it is incompatible with the nature of the property, to set out each part in severalty. This would be the case with a mill, and often with a dwelling-house. The propriety of the levy, as to this, must depend on the nature of the property, and the circumstances of the case. If no peculiar injury is designed or effected, there seems to be no imperious reason, why such levy should not be made. In this case, there is no room for complaint. The whole property is taken, at the same time, by creditors, who choose to hold as tenants in common ; and as nothing is left in the debtor, neither he, nor any person under him, can have reason to complain. The whole property is insufficient, and the whole is taken from him.

In relation to the second objection, it must be admitted, that the form of the return is singular, and some of the expressions unintelligible ; yet enough appears to ascertain the proportions, and to make the levy good. The plaintiffs claim the whole, by virtue of five executions, levied at the same time, by the same officer, aided by one set of appraisers. The levy of each execution was over the whole estate, and the whole was appraised at 200 dollars. The amount of all the executions, and costs, was 664 dollars. As the property

was insufficient to pay the whole, it was certainly competent for the creditors, to agree, that each should take in proportion to his claim, and to direct the officer accordingly. He evidently proceeded with this view; and by comparing the whole amount of debt with the appraised value, found, that each execution creditor would be entitled to the very sum set off to him. He then returned, that each execution was levied on the whole, and that he set off, on each execution, the precise sum found as its proportion, to be held in common.

If he had proceeded no further, it would have been intelligible and sufficient; but he has added, " in proportion as the sum in the execution bears to the value of the land, *viz.* 200 dollars." This is manifestly a mistake, made by inserting the value of the land, instead of the amount of the debt levied, *viz.* 664 dollars; or by taking the amount of the execution, instead of the amount set off. If the expression had been thus corrected, it would have only served to make more clear, that which was sufficiently manifest without it. If uncorrected, it is wholly unintelligible, and may be rejected as surplusage, and the return will still remain substantially good.

I do not advise a new trial.

The other judges severally concurred.

New trial not to be granted.